IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE HINSLEY, | 1:09-cv-00504-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| C/O PORTILLO, et al., | (Doc. 8.) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

Bennie Hinsley ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 18, 2009. (Doc. 1.) On March 27, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other parties have appeared in this action. (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 4, 2009, the court issued an order giving Plaintiff two options, to file an amended complaint or to notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty days. (Doc. 8.) The thirty-day period has now expired, and Plaintiff has not filed

1

an amended complaint or otherwise responded to the court's order. On August 18, 2009, the court's order was returned by the United States Postal Service as undeliverable, with a notation on the envelope "Name and CDC # Do Not Correspond." (See Court Record.) On October 1, 2009, the court re-served the order on Plaintiff using his last-known CDC # and address. Id. On October 9, 2009, the order was again returned to the court as undeliverable, with a notation on the envelope "Return to Sender, Inmate Deceased." Id. No later entries appear on the court's docket for this case. Id. Plaintiff has not notified the court of any change in his address.[1] Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Plaintiff's mail was returned and Plaintiff has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc. 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 18, 2009. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his new address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from

---

[1] In the event that Plaintiff is deceased, the court notes that Plaintiff's representatives have not notified the court of a new address-of-record.

the occurrence of unreasonable delay in prosecuting an action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1453 (9th Cir. 1994)). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff based on the failure to keep the court apprised his new address, no lesser sanction is feasible.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, without prejudice, for Plaintiff's failure to prosecute; and

2. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   May 5, 2010**          /s/ **Gary S. Austin**
                    UNITED STATES MAGISTRATE JUDGE

3